UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| C. BICKHAM DICKSON, III, ET AL | CIVIL ACTION NO. 5:11-cv-00352 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| SKLARCO L.L.C. And PETROHAWK PROPERTIES, L.P. | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM OPINION

Before the Court is Petrohawk Properties, L.P.'s ("Petrohawk") Motion to Reconsider the Court's denial of its Motion for Summary Judgment. [Record Document 47]. Petrohawk re-urges its argument that the public records doctrine prohibits an unrecorded agreement preventing the lessee from deducting gathering and transportation costs from royalties from taking effect against Petrohawk. For the reasons given below, the motion to reconsider is **DENIED**.

### I.    The Law

The relevant facts and the substantive mineral law are discussed in detail in the Court's previous ruling. [Record Document 44]. They need not be repeated here.[1]

---

[1]Defense counsel has sent the Court a letter enclosing the recent Louisiana Supreme Court decision Peironnet v. Matador Resources, No. 2012-C-2292, 2013 WL 3752474 (La. June 28, 2013), which overturned the Louisiana Second Circuit Court of Appeals decision of the same name, Peironnet v. Matador Resources, 103 So.3d 445 (La. App. 2012), cited in Plaintiffs' briefing. That letter, and the responsive letter sent by Plaintiffs' counsel, have been filed in the docket. [Record Documents 53 and 54]. The Court fails to see the relevance of the decision to the present suit. Peironnet discusses the doctrine of error as it relates to the formation of contracts, as Defense counsel

Federal Rule of Civil Procedure 54(b) allows a district court to reconsider its rulings:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Court thus has the power to revise or even reverse its previous ruling. Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Co., 259 F.Supp.2d 471, 476-77 (M.D.La. 2002.). This power must be used only when necessary so as not to inviting endless relitigation of the same issues. Loumar, Inc. v. Smith, 698 F.2d 759, 762 (5th Cir. 1983) (a court will follow a ruling previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice); Livingston Downs, 259 F.Supp.2d at 477 (balancing the interests of finality and fairness in deciding whether to reconsider a ruling). "A judge should hesitate to undo his own work... But until final judgment or decree there is no lack of power, and occasionally the power may properly be exercised." Id. (quoting Peterson v. Hopson, 29 N.E.2d 140, 144 (Mass. 1940) (Lummus, J.)). The Court will thus not reconsider its previous ruling unless Petrohawk shows it is "erroneous, no longer sound, or would work an injustice." Loumar, Inc., 698 F.2d at 762.

II.   **Analysis**

Petrohawk argues that the written leases do not contain a clause prohibiting the

---

candidly acknowledges. It does not address the third person requirement of the public records doctrine analysis, nor does it address when parol evidence may be used to interpret obligations a party is bound to recognize.

deduction of gathering and transportation costs from royalty payments. Therefore, the argument goes, the public records doctrine prevents any agreement between the original parties to the leases prohibiting the deduction of gathering and transportation costs, which agreement must have been unrecorded, from affecting Petrohawk's rights.

Petrohawk's argument fails because Petrohawk is not a third person with respect to the obligation in question. In order to avail itself of the public records doctrine, Petrohawk must show that it is a third person to the obligation it seeks to avoid. La. Civ. Code Ann. art. 3338. A party who is bound by contract to respect an obligation is not a third person with regard to it:

> A party who by contract assumes an obligation or is bound by contract to recognize a right is not a third person with respect to the obligation or right or to the instrument creating or establishing it.

La. Civ. Code 3343.

Attempting to meet this definition of a third person, Petrohawk mischaracterizes the Court's finding that the lease is ambiguous and disregards the plain meaning of La. Civ. Code Ann. art. 3343.

Petrohawk has not contested that it is contractually bound by the obligations contained in the recorded leases. [Record Document 47-2, p.3] ("Petrohawk concurs fully that, under this article [La. Min. Code art. 128], at the time of the Sublease and thereafter, Petrohawk entered into privity with the Plaintiffs and that Plaintiffs may look to Petrohawk for enforcement of all of the lessee's obligations set forth in the Leases

(i.e. 'To the extent of the interest acquired').") (emphasis omitted).[2] One of those obligations is found in Exhibits "B" of the record leases:

> The parties agree that post production costs may be deducted from Lessor's share of the proceeds from the sale of crude oil, natural gas or other minerals payable as royalty under this Lease insofar and only insofar as such costs either enhance the value of the product being sold and the price obtained for such product or are required to make the product marketable. Without limitation upon the foregoing, the treating, processing or dehydrating of natural gas to meet pipeline quality specifications shall be deemed to enhance the value of the product being sold.
>
> [Record Document 1-2, pp. 16, 27].

Petrohawk thus agrees that when it entered into the sublease, it assumed the obligations set forth by this clause, whatever those obligations may be.[3] This admission

---

[2]Petrohawk contends that "the interest acquired" through the sublease is not specified by Article 128 of the Mineral Code but must be determine through the application of other law. The Court agrees. Petrohawk identifies the public records doctrine and contract law as the sources of law that define the interest acquired in this case. Because the Court finds the public records doctrine inapplicable, as explained in more detail below, it does not help define the interest acquired. As for the application of contract law, the proper interpretation of the leases is the ultimate issue of this suit.

[3]Although Petrohawk argues that the public records doctrine shows that it did not assume the obligation not to deduct gathering and transportation costs, the cases it cites do not hold that the public records doctrine plays any role in the analysis of whether a party has assumed obligations or is contractually bound to recognize rights. In Pinnacle Operating Co. v. ETTCO Enterp. 914 So.2d 1144, 1150 (La. App. 2005) and Bradley, 793 So.2d at 504-06, the two questions were: 1) whether a first obligation was assumed in a second transaction; and 2) whether the rights granted in a second transaction were made subject to a first obligation. The public records doctrine has no relevance to either analysis, because in order to know whether the public records doctrine applies it is necessary to first know whether the party seeking to avoid the obligation in question is contractually bound to recognize it. Pinnacle Operating Co., 914 So.2d at 1149 (relying on La. Civ. Code Ann. art. 1821 to determine whether an obligation was assumed and distinguishing Bradley in order to conclude that the right in question was not taken subject to an unrecorded real obligation); Bradley, 793 So.2d at 506 (holding that the party was not a third person only after finding that he expressly

would seem to remove Petrohawk from the Civil Code's definition of a third person. Petrohawk contends, however, that because the language of the clause at issue does not prevent deduction of gathering and transportation costs, any agreement between the original parties to the lease that prohibits such deductions must be a "secret equity" that does not bind Petrohawk.

Petrohawk's argument ignores the Court's finding that the clause is ambiguous when viewed in the context of the whole contract. [Record Document 44, pp. 15-19]. Parol evidence of the parties' intent with respect to an ambiguous, but recorded, clause is critically different from evidence of an unrecorded agreement. If only an unrecorded agreement prevented the lessee from deducting gathering and transportation costs, then Petrohawk could argue that it was not contractually bound to recognize the rights and obligations created by that agreement because it only agreed to assume the obligations contained in the recorded lease. It would then be a third party with respect to this hypothetical obligation and it could avail itself of the protection of the public records doctrine.[4] Contrary to Petrohawk's characterization, however, the issue before

---

agreed that his real rights were acquired subject to the real obligations). In the instant case, the Petrohawk attempts to reverse the analytical order, arguing that it did not assume an obligation because it is protected by the public records doctrine.

[4]This argument is indeed made in Petrohawk's reply brief. Petrohawk also argues in passing in its reply brief that La. Civ. Code Ann. art. 3342 prevents the admission of parol evidence to "contradict the terms of the... [leases]... to the prejudice of a third person who after [their] recordation acquires an interest in or over the immovable to which [they relate]." La. Civ. Code Ann. art. 3342. [Record Document 52, p.2, n.2; see also [Record Document 34-1, p.11]. As explained above, because Petrohawk is not a third party to the obligation in question, this argument suffers the same fate as their

the Court is one of interpretation of the recorded leases whose binding nature on Petrohawk has not been contested. Putting aside the question of whether the public records doctrine would prevent the use of parol evidence to interpret a recorded agreement, the doctrine does not apply to Petrohawk because it is not a third party to the leases.[5] Petrohawk has therefore failed to show that the court's previous ruling is erroneous.

## III. Conclusion

For the foregoing reasons, Petrohawk's Motion to Reconsider [Record Document 47] is hereby **DENIED**.

July 25, 2013.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

public records doctrine argument.
    In any case, parol evidence used to clarify an ambiguous term does not contradict that term so long as an ambiguous term is susceptible to the interpretation suggested by the parol evidence. While it is conceivable that parol evidence could be so removed from the range of possible interpretations an ambiguous term would support that it would contradict that term, without having seen the parol evidence in this case the Court cannot know whether that situation is present here.

    [5]Petrohawk also urges the Court to consider the temporal component of the public record doctrine. By "temporal component" Petrohawk means that if at the time the transfer creating the obligation is executed the party is not involved in that transfer and has not assumed any obligation created in the transfer, then that party is not a "third person." In other words, Petrohawk seeks to limit the third person analysis to only the time when the obligation in question is created. No authority is cited for this theory, and the Court declines to adopt it. To apply such a narrow temporal focus would effectively read the third clause out of Article 3343. The commonly understood meaning of the word "assume" implies that at the time of the assumption the thing being assumed already exists. To require that an assumption of an obligation occur at the time that obligation was created would exclude from the Article the core of what it seeks to capture. See e.g. Bradley, 793 So.2d at 505-506 (party who took real right subject to pre-existing real obligations was not a third person with respect to those obligations and thus was not protected by the public records doctrine).